IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| MARCUS GANT, | : Case No. 1:21-cv-117 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| JOHN ELAM, et al., | : |
| Defendants. | : |

**ORDER GRANTING IN PART MOTION TO DISMISS (Doc. 7)**

This matter is before the Court on a motion to dismiss filed by Defendants Elam, Cox, Harris, and Chambers-Smith (Doc. 7.) Plaintiff Marcus Gant, an inmate at Lebanon Correctional Institution, brings several causes of action related to an alleged excessive use of force while incarcerated there. The named defendants move to dismiss Gant's complaint in its entirety. For the reasons explained below, the Court largely grants Defendants' motion, except to the extent Gant brings claims against them in their individual capacities.

**FACTS**

**A. Parties**

Gant is an inmate at Lebanon Correctional Institution ("LeCI") in Warren County, Ohio. Defendants John Elam and Chae Harris work at LeCI and are, respectively, a corrections officer and the Warden. They are both employees of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Defendant FNU Cox is a corrections officer at

Mansfield Correctional Institution and also an ODRC employee. Defendant Annette Chambers-Smith is the Director of ODRC. Also sued are unnamed defendants who are ODRC employees at LeCI. All defendants are allegedly "persons" under 42 U.S.C. § 1983 and are being sued in both their individual and official capacities. (Compl., Doc. 1, ¶¶ 4-9.)

### B. Factual Allegations

Gant alleges that, on February 25, 2020, Elam and Cox entered his cell to investigate a claim of contraband. At the time, he had a cell phone in his possession. He tried to flush it down the toilet. Because of his attempt to discard the phone, he was put in a chokehold. From that position, Elam and Cox delivered repeated blows to his face and head. They continued to strike him after he lost consciousness. (*Id.* at ¶¶ 11-16.)

He was taken to the infirmary. Pictures included in the Complaint show him with a bloody nose and bloodshot and blackened eyes. His injuries were so severe that he could not be treated at LeCI and had to be transported to a local hospital, Atrium Medical Center in Middletown, to receive medical care. A CT scan disclosed numerous fractures, including a fracture to his left orbital wall and to his right nasal bone. From there, he was transferred to Ohio State University Medical Center in Columbus for surgical management, which included ophthalmological, oral, and maxillofacial surgical consultations. He needed to take multiple trips to OSU Medical Center and the Franklin Medical Center. He suffers ongoing vision and nerve damage, as well as emotional distress, fear, anxiety, and nightmares. (*Id.* at ¶¶ 21-27.)

On December 4, 2020, Gant sent a public record request to LeCI for all

documentation related to the use-of-force incident. He alleges that Cox failed to comply with ODRC policies by not completing a Use of Force Report. The Complaint further states that unnamed defendants also failed to comply with the responsibilities when dealing with use-of-force events. He further claims he was criminally charged with Tampering with Evidence. (*Id.* at ¶¶ 33-37.)

## ANALYSIS

The Federal Rules of Civil Procedure allow, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. R. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the plaintiff's cause of action as stated in the complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). The Court accepts a complaint's factual allegations as true; but this presumption of truth does not extend to its legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). A claim for relief must be "plausible on its face." *Iqbal*, 556 U.S. at 678. That is, the complaint must lay out enough facts for a court to reasonably infer that the defendant wronged the plaintiff. *16630 Southfield*, 727 F.3d at 502. A complaint that lacks such plausibility warrants dismissal. *Iqbal*, 556 U.S. at 678.

Gant advances three claims under 42 U.S.C. § 1983: use of excessive force (Count 1); failure to prevent use of excessive force (Count 2); and failure to train and supervise staff (Count 3). He also brings four state law claims: negligence (Count 4), civil conspiracy (Count 5), malicious prosecution (Count 6), and assault and battery (Count 7).

3

Defendants move to dismiss the lawsuit. First, they argue that the Eleventh Amendment deprives this Court of subject matter jurisdiction over Gant's claims against Defendants in their official capacities. Second, they claim that all Defendants in their official capacities should be dismissed under the doctrine of qualified immunity. Third, Defendants Harris and Chambers-Smith maintain that they are entitled to the dismissal of the supervisory § 1983 claim based on respondeat superior. Fourth, Defendants argue that the Court lacks jurisdiction to hear the state law claims. And, last, Defendants claim that Gant fails to state valid claims.

### A. Eleventh Amendment and Qualified Immunity (Counts 1 and 2)

As a threshold matter, the Court must determine whether it has jurisdiction. Under the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a State, unless the State consents or unless Congress validly and indisputably abrogates state immunity. *Lloyd v. Pokorny*, No. 2:20-CV-2928, 2020 WL 4436350, at *3 (S.D. Ohio Aug. 3, 2020). This immunity extends to state officials sued in their official capacity. *Id.* Suits against state officials in their individual capacity, however, may survive Eleventh Amendment immunity. *See Allen v. Ohio Dep't of Rehab. & Correction*, 128 F. Supp. 2d 483, 490 (S.D. Ohio 2001).

Defendants only argue that the claims against them should be dismissed as to their official capacities, not their individual capacities. Gant points out that he is bringing both official capacity and individual capacity claims. He does not, however, cite a waiver statute providing that Defendants may be sued in their official capacities. *See, e.g., Johns v. Supreme Ct. of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985). Because Gant does not allege any

4

exception to Eleventh Amendment immunity, the Court dismisses the official capacity claims but not the individual capacity claims. Gant clearly alleges claims against Defendants in their individual capacity, so those claims remain. *E.g., Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). This case will proceed on Counts 1 and 2 to the extent they seek Defendants' liability in their individual capacities.

As Defendants focus their qualified immunity argument only on the official capacity claims—which are dismissed under the Eleventh Amendment—and do not address that issue in their reply brief, the Court need not reach qualified immunity here.

**B. Use of Excessive Force (Count 1), in Violation of § 1983**

Defendants dedicate three sentences to their argument that Gant fails to state a § 1983 use of force claim. This argument fails.

The primary reason why is because Defendants argue content outside the pleadings. They posit that Gant cannot on one hand allege that Defendants Elam and Cox assaulted him and, at the same time, allege he was unconscious at the time of the assault. This misreads the complaint. Gant alleges that he was put into a chokehold and then received blows to the face and head. *Then* he lost consciousness. (Compl., Doc. 1, ¶¶ 15-16.) This series of facts is plausible. And Defendants' second argument—that Gant's injuries "likely occurred during Defendants' attempts to retrieve the contraband that he was actively flushing down the toilet" (Doc. 7, Pg. ID 43)—suggests alternative facts outside the pleadings that are inappropriate to consider at the Rule 12 stage.

Additionally, Defendants fail to demonstrate why the allegations fail to state a valid § 1983 claim. While some issues may be crystal clear and require only a few

sentences to explain why they lack merit, this use of force claim supported by many paragraphs of factual content is not one of them. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (issues raised in a perfunctory way without an effort to develop an argument are deemed waived).

Accordingly, the individual capacity claim in Count 1 survives.

**C. Failure to Prevent Use of Excessive Force (Count 2), in Violation of § 1983**

In their reply brief, Defendants argue that Gant has not articulated sufficient facts to support a deliberate indifference claim against Defendant Cox (Count 2). But they did not raise this argument in their motion to dismiss. Our cases have repeatedly recognized that "arguments raised for the first time in a party's reply brief are waived." *Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007). For this reason, the Court does not reach Defendants' argument to dismiss Count 2. The individual capacity claim in Count 2 will proceed.

**D. Failure to Train and Supervise Staff, in Violation of § 1983 (Count 3)**

Defendants next argue that Gant's claims against Defendants Harris and Chambers-Smith fail, because they are essentially attempts to find liability under the doctrine of respondeat superior. They are correct.

"[L]iability cannot be imposed on a supervisor under § 1983 based on the theory of respondeat superior." *Winkler v. Madison Cty.*, 893 F.3d 877, 898 (6th Cir. 2018). The Sixth Circuit recently spoke to the pleading standard that applies to supervisory liability in § 1983 cases. *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021). First, a plaintiff must plead active involvement: meaning that a supervisory official, at the very least, implicitly

6

authorized, approved, or knowingly acquiesced in the unconstitutional conduct of an offending subordinate. *Id.* Importantly, there needs to be some "active unconstitutional behavior" on the supervisor's part. *Id.* (quotation omitted). Mere failure to act is not enough. Nor is simple negligence or recklessness. A supervisor cannot be held liable just because she was charged with overseeing someone who violated another person's constitutional rights. *Id.* Second, there must be a "causal connection" between the defendant's active unconstitutional behavior and the plaintiff's injuries. "In other words, the defendant's execution of his job functions must have caused the plaintiff's injury." *Id.* at 762.

Gant alleges that Defendants Harris and Chambers-Smith were responsible for sufficiently training and supervising the employees of LeCI and ODRC to avoid the use of excessive force. Their alleged failures include the failure to investigate allegations of excessive force and establishing policy that prevents the use of such force. As such, they amount to deliberate indifference, he claims. (Compl., Doc. 1, ¶¶ 49-55.)

In briefing, Gant argues that his case is similar to the facts of *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 542 (6th Cir. 2015). There, the plaintiffs alleged that a sheriff had a duty to train and supervise employees to avoid the use of excessive force. He was alleged to have had full knowledge of the assault on the victim but made false statements about his knowledge of the assault. These claims sufficed to show that he at least implicitly authorized, approved, or knowingly acquiesced in the offending conduct. *Id.* at 542.

Gant fails to adequately plead supervisory liability under § 1983. He makes the conclusory allegation that Defendants Harris and Chambers-Smith knowingly failed to

7

train. But he does not plead facts that support the inference that they were actively involved or that there was a causal connection between their active involvement and his injuries. *Crawford*, 14 F.4th at 761-62. Moreover, *Coley* does not support his case. The plaintiff there alleged that the defendant had full knowledge of what had happened to the victim. Gant's complaint, by contrast, speaks in general and conclusory terms, failing to make it plausible that Defendants Harris or Chambers-Smith had any active involvement or causal connection to Gant's injuries.

Accordingly, the Court dismisses the claim for failure to train and supervise staff (Count 3).

### E. Jurisdiction Over State Law Claims (Counts 4, 5, 6, and 7)

Defendants argue that this Court lacks jurisdiction to hear Gant's state law claims. Again, they are correct.

Ohio law provides that state employees are immune from state law claims until the Ohio Court of Claims (OCC) finds otherwise. R.C. § 2743.02(F); *Troche v. Morgan*, No. 1:12-CV-176, 2013 WL 4499462, at *4 (S.D. Ohio Aug. 21, 2013), *report and recommendation adopted*, No. 1:12-CV-00176, 2014 WL 861393 (S.D. Ohio Mar. 4, 2014). Civil actions against state employees "shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity." R.C. § 2743.02(F). So until the OCC determines that a state employee is not immune from suit, federal district courts lack jurisdiction over state law claims brought against the employee. *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989); *Gravely v. Madden*, 964 F. Supp. 260, 263 (S.D. Ohio 1995).

8

Gant brings state claims for negligence, civil conspiracy, malicious prosecution, and assault and battery. Nowhere does he allege that he has first filed these claims with the OCC. He does not address this jurisdictional issue at all in his papers. Thus, R.C. § 2743.02 presents a roadblock between his state law claims and this Court's jurisdiction over them.

Accordingly, as it has done in similar situations, this Court dismisses without prejudice Gant's state law claims. Such a dismissal will not prejudice him from re-asserting his state law claims if the OCC determines that Defendants are not immune from suit. *Troche*, 2013 WL 4499462, *5.

## CONCLUSION

For the reasons explained above, the Court rules as follows:

(1) The Court **GRANTS IN PART** the motion to dismiss as to Counts 1 and 2 and **DISMISSES WITH PREJUDICE** those counts to the extent they are brought against Defendants Elam and Cox in their official capacity. However, Counts 1 and 2 remain pending against Defendants Elam and Cox in their individual capacities.

(2) The Court **DISMISSES WITH PREJUDICE** Count 3.

(3) The Court **DISMISSES WITHOUT PREJUDICE** Counts 4, 5, 6, and 7.

In light of the above, this matter will proceed against Defendants in their individual capacities on Count 1, Use of Excessive Force under § 1983, and on Count 2, Failure to Prevent Use of Excessive Force under § 1983.

IT IS SO ORDERED.

> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF OHIO
>
> By: _____
> JUDGE MATTHEW W. McFARLAND